People v Kelly (2020 NY Slip Op 04409)





People v Kelly


2020 NY Slip Op 04409


Decided on August 5, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOHN M. LEVENTHAL
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2018-09908
 (Ind. No. 18-00112)

[*1]The People of the State of New York, respondent,
v
Demetrius A. Kelly, appellant.


Kenyon C. Trachte, Newburgh, NY, for appellant.
Letitia James, Attorney General, New York, NY (Alyson J. Gill and James F. Gibbons of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Craig Stephen Brown, J.), rendered July 30, 2018, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and sentencing him to a determinate term of imprisonment of seven years and a period of postrelease supervision of five years.
ORDERED that the judgment is modified, on the law, by vacating the period of postrelease supervision; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Orange County, for the imposition of an appropriate period of postrelease supervision in accordance herewith.
On March 19, 2018, the defendant pleaded guilty to criminal sale of a controlled substance in the third degree, a class B felony (see Penal Law § 220.39[1]). On July 27, 2018, the defendant was sentenced, as a second felony drug offender previously convicted of a violent felony, inter alia, to a period of postrelease supervision of five years.
Under Penal Law § 70.45(2)(d), the period of postrelease supervision applicable to a sentence imposed pursuant to Penal Law § 70.70(4)(b)(i) upon a conviction of a class B felony must be between 1½ and 3 years. Therefore, as the People concede, the period of postrelease supervision imposed was illegal. Accordingly, we vacate the period of postrelease supervision imposed and remit the matter to the County Court, Orange County, for the imposition of an appropriate period of postrelease supervision in accordance with Penal Law § 70.45(2)(d).
CHAMBERS, J.P., LEVENTHAL, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court